IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KEITH D. ROBINSON, )
)
        Plaintiff, )
)
vs. ) Case No. 09-6084-CV-SJ-ODS
)
BUILDERS CHOICE CONCRETE )
COMPANY, )
)
        Defendant. )

ORDER AND OPINION GRANTING MOTION TO DISMISS

Pending is Defendant's motion to dismiss (Doc. # 6). The Court concludes Plaintiff's Title VII complaint was untimely and grants Defendant's motion.

*I. BACKGROUND*

On April 1, 2009, the Equal Employment Opportunity Commission mailed a Notice of Right to Sue to Plaintiff Keith D. Robinson. On July 23, 2009, more than 90 days after Robinson's receipt of the right-to-sue letter, he filed a Title VII complaint alleging Defendant Builders Choice Concrete Company discriminated against him because he was black. Robinson attached to his complaint a written statement explaining that he was unable to file his case on time because he was incarcerated. Builders Choice filed a motion to dismiss, arguing Robinson's complaint was untimely.

*II. DISCUSSION*

The liberal pleading standard created by the Federal Rules of Civil Procedure

1

requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted). The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

A Title VII plaintiff must file his or her complaint within 90 days after receipt of a right-to-sue letter. *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers*, 309 F.3d 1051, 1052 (8th Cir. 2002). The 90-day period can be equitably tolled if there are circumstances beyond the plaintiff's control that causes him or her to miss the filing deadline. *Williams v. Thomson Corp.*, 383 F.3d 789, 791 (8th Cir. 2004).

Here, Robinson offers two excuses for the untimeliness of his complaint. First, Robinson states he could not file his complaint on time because he was incarcerated. However, incarceration during the 90-day period is not sufficient by itself to support equitable tolling. *See Perry v. Sony Music*, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006); see also *Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1998) (noting in civil rights case that "imprisonment *simpliciter*, like unawareness *simpliciter*, does not toll a statute of limitations"). Robinson's second excuse is that "[his] wife had limited access." However, Robinson fails to explain how his wife's limited access stopped *him* from filing his complaint on time. Robinson has not alleged circumstances beyond his control that caused him to miss the filing deadline, and equitable tolling is not warranted.

2

### III. CONCLUSION

Since Robinson's complaint was untimely, Builders Choice's motion to dismiss is granted.[1]

IT IS SO ORDERED.

                                                 /s/ Ortrie D. Smith
                                                 ORTRIE D. SMITH, JUDGE
DATE: October 9, 2009                       UNITED STATES DISTRICT COURT

---

[1] Builders Choice also filed a motion to strike, referencing a handwritten note Robinson attached to his response to the motion to dismiss (Doc. # 15). Even if the Court considered this note, it would not change the conclusion that Robinson's complaint was untimely. Builders Choice's motion to strike is considered moot.